UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61453-CIV-SINGHAL

PEDRO LUIS GONZALEZ TORRES,

Petitioner,

v.

GARRET J. RIPA, Field Office Director of Enforcement and Removal Operations, Miami Field Office, Immigration and Customs Enforcement,

Respondent.
_________________________________/

# ORDER

**PETITIONER PEDRO GONZALEZ TORRES** asks this Court to order the government to give him a bond hearing, but Petitioner has not exhausted his administrative remedies. Petitioner requested a bond hearing, but he withdrew his request. (DE [7-6]). An immigration judge has not ruled on his request for a bond hearing. Petitioner argues that the immigration judge conditioned considering Petitioner's request for bond on Petitioner withdrawing the request and first obtaining original identification documentation from his home country of Cuba. (DE [9] at 2). According to Petitioner, obtaining such documentation is an impossible task, and accordingly, such an instruction from the immigration judge amounted to a denial of bond. *Id.* But even so, Petitioner failed to exhaust his remedies.

## I. LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner

who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II. DISCUSSION

If the immigration judge's order was actually a denial (which is doubtful), Petitioner's recourse was to the Board of Immigration Appeals ("BIA"), not here. *See* 8 C.F.R. § 1003.1(b)(7) ("Appeals may be filed with the Board of Immigration Appeals from the . . . [d]eterminations relating to bond, parole or detention of an alien . . . ."); *Bazoalto Suarez v. Warden, Miami Federal Detention Center,* No. 26-cv-21956, at *3 (S.D. Fla. Apr. 8, 2026) (Altman, J.,) ("If he disagrees with the Immigration Judge's decision, he must appeal it to the BIA."). This Court is not the best venue to determine if the immigration judge correctly required Petitioner to obtain original documentation from Cuba. But the BIA handles these questions regularly, which is one of the reasons why the exhaustion of remedies requirement exists.

If the immigration judge did not rule on the merits of Petitioner's request, Petitioner needed to file another request. Based on the record before the Court, there is no evidence the immigration judge actually ruled on Petitioner's request for a bond hearing. The immigration judge's order states that Petitioner withdrew his request and would provide original documentation from Cuba to the Department of Homeland Security. (DE [7-6]). The order does not indicate that Petitioner was denied bond, or was barred from further seeking bond. *Id.* Petitioner, can, and in light of *Hernandez Alvarez v. Warden, Federal Detention Center, Miam*i, 2026 WL 1243395 (11th Cir. May 6, 2026), *should*, file another request for a bond hearing. The Court cannot order a bond hearing if the immigration judge has not ruled on whether Petitioner is entitled to such a hearing. The

Petitioner must fully request relief from the immigration judge before asking this Court to order that relief.

Petitioner's due process argument also fails. The "[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523, 529-31 (2003). "[D]eportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As for the length of Petitioner's detention, the Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional.

Since Petitioner has been detained for longer than six months, his detention is no longer presumed reasonable. But Petitioner still has the initial burden to show good reason why he is not likely to be removed in the near future. *Zadvydas,* 533 U.S. at 701. And Petitioner has made no such showing.

III. <u>CONCLUSION</u>

Petitioner has failed to exhaust his remedies. He either had recourse before the BIA, or he should file another request for bond. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of June 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF